```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

 Francisco Antonino Aponte,

                Petitioner,              CV-07-0168 (CPS)

     - against -
                                         MEMORANDUM OPINION
United States of America,                AND ORDER

                Respondent.
----------------------------------------X
```

SIFTON, Senior Judge.

On October 3, 2002, petitioner *pro se* Francisco Antonino Aponte pled guilty, pursuant to an agreement with the government, to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii), and 841(b)(1)(A)(iii). On September 25, 2003, petitioner was sentenced to 262 months in prison. In September 2004, petitioner filed an application for relief pursuant to 28 U.S.C. § 2255, arguing that the government had breached its plea agreement.  The petition was granted on consent on January 12, 2005, and on May 3, 2005, resentenced petitioner to 186 months in prison. Now before this Court is petitioner's application for a writ of habeas corpus "pursuant to Title 28 U.S.C.A. §2241."  For the reasons set forth below, petitioner's application is denied without prejudice to its renewal consistent with the conditions set forth herein.

**Background**

The following facts are drawn the parties' submissions in connection with this motion and are not disputed. Petitioner was originally arrested in 1996 for conspiring to smuggle illegal aliens into the United States. On April 3, 1998, petitioner was sentenced to 2 years probation and drug treatment pursuant to a plea of guilty. In the present motion, petitioner states that after his 1996 arrest he "cooperated and provided substantial assistance" to the government as a confidential informant ("CI") and that this assistance continued until 2002.[1]

On April 23, 2002, petitioner was arrested upon the charges which give rise to this petition. On October 3, 2002, petitioner pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, pursuant to a plea agreement. In the agreement, the government promised to recommend to the Court for purposes of Sentencing Guideline calculation a Criminal History Category of II and an Offense Level of 35.[2] On September 25,

---

[1] According to petitioner, the last day of his cooperation was April 22, 2003. It appears, however, that this is a typographical error, and that petitioner is referring to April 23, 2002, the date of his arrest.
Petitioner states that his assistance led to the arrest and indictment of David Lajara, Juan Carlos Menien, "Ramon N" [sic], and Elizabeth Cruz-Abreu. There is no record of this cooperation in either the 2002 Plea Agreement or the Presentence Report for his 2003 sentence. Petitioner states that his assistance can be confirmed by Mona Forman, "Special Agent with the Immigration and Naturalization Service." The government, which responded to the procedural posture of this application, did not respond to the merits of these claims.

[2] Under the Sentencing Guidelines, that recommendation would have resulted in a sentencing range of 118 to 235 months in prison. It did not include a 2-level role enhancement for petitioner's supervisory role in the offence that had been the subject of negotiation between petitioner and the

2003, petitioner was sentenced to 262 months in prison in accordance with the Probation Department's Presence Report that called for a Criminal History Category History of II and an Offence Level of 37, based on a 2-level supervisory role enhancement.[3] On September 28, 2004, petitioner filed an application pursuant to 28 U.S.C. § 2255, arguing that the government did not keep its oral promise to request that this Court sentence petitioner in accordance with the plea agreement.[4] The government admitted inadvertently breaching the agreement,[5] and on May 3, 2005, I resentenced petitioner to 186 months' imprisonment. On January 8, 2007, petitioner filed the present application for relief.

## Discussion

Petitioner titles his filing "Petition for writ of habeas corpus pursuant to Title 28 U.S.C.A. § 2241." This petition makes three claims: (1) that the government, through an oversight,

---

government.

[3] The Sentencing Guideline range for that recommendation is 262 to 327 months in prison.

[4] The petition further argued that petitioner's counsel was ineffective at sentencing because he did not raise the issue.

[5] The government noted that counsel both for the government and for the petitioner had changed and that it was unaware of the need to make the request. During the proceedings stemming from the 2002 arrest, petitioner was represented by three different attorneys: two successively during negotiation of the plea agreement and a third at his September 25, 2003 sentencing. The government was represented by two different Assistant United States Attorneys during the same period: one during the plea negotiation, and a second during sentencing.

failed to inform the court about his CI status and assistance, which would have made petitioner eligible for a "safety-valve" sentence reduction under 18 U.S.C. §§ 3553 (e) & (f);[6] (2) that one or more of his attorneys provided ineffective assistance by misrepresenting to him the benefits of cooperation,[7] by failing to present mitigating evidence on his behalf,[8] and failing to

---

[6] In relevant part, the statute reads:

> (e) . . . Upon motion of the Government, the court shall have the authority to impose a sentence below a . . . minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution . . . .
>
> (f) . . . Notwithstanding any other provision of law. . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
>> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>> (3) the offense did not result in death or serious bodily injury to any person;
>> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses . . . .

18 U.S.C. § 3553 (e-f).

[7] Petitioner states that he was told by his attorney Frank McClain-Sewer that he would receive only 2 years in prison due to his cooperation with authorities as part of a concession offered by the government. When this conversation took place is not definitively stated.

[8] It appears that petitioner is arguing that his counsel failed to investigate his cooperation with authorities.

bring up the cooperation issue at sentencing;[9] and (3) that this Court is compelled to resentence petitioner in light of his "substantial assistance" to the government as set forth in 18 U.S.C. § 3553(e) or because he meets "safety valve" criteria set forth in 18 U.S.C. § 3553(f).

*I. Petitioner's Section 2241 Claims*

Without reaching the merits of petitioner's claims, I find that they are not properly raised under § 2241.[10] It is well-settled law in this Circuit that am application pursuant to § 2241 "generally challenges the execution of a federal prisoner's sentence," not the imposition of the sentence itself. *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). For example, complaints arising from prison conditions or a prison official's

---

[9] Petitioner refers to his attorney as a "mere spectator" at his sentencing.

[10] The statute reads:

The writ of habeas corpus shall not extend to a prisoner unless--
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241.

computation of a prisoner's sentence can be challenged under § 2241.[11] *Id.* However, claims such as those discussed in the present application, which relate to the constitutionality of petitioner's guilty plea and to the court's imposition of the sentence based on this plea, should be brought under § 2255. *Id.* at 147; *see also Chambers v. U.S.*, 106 F.3d 472, 474-75 (2d. Cir 1997). As explained in *Melton v. U.S.*, "no matter what title the prisoner plasters on the [application's] cover . . . [i]t is the substance that controls" and a petitioner cannot avoid the requirements of § 2255 by "inventive captioning." 359 F.3d 855, 857 (7th Cir. 2004).

*II. Conversion of a Motion from Section 2241 to Section 2255*

The Second Circuit has restricted the power of district courts "to *sua sponte* convert post-conviction motions . . . without first giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion." *Simon v. U.S.*, 359 F.3d 139, 140, 142 (2d Cir. 2004) (noting that petitioner must be informed that recharacterization of a petition as a § 2255 petition means that any subsequent § 2255 application will be subject to the restrictions on 'second or successive'

---

[11] There are some exceptions to this rule. A challenge to the sentence itself may be submitted under § 2241 when a procedural bar to a § 2255 claim raises "serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (1997). To raise such questions, petitioner must assert actual innocence or that he was not afforded a prior opportunity to raise an issue. *Adams v. U.S.*, 372 F.3d 132, 135 (2d Cir. 2004). Neither apply here.

petitions and provided with the opportunity to withdraw the motion); *see also Gitten v. United States,* 311 F.3d 529 (2d Cir. 2002); *Adams v. United States,* 155 F.3d 582 (2d Cir. 1998). In light of these decisions I decline to characterize petitioner's motion as one brought pursuant to § 2255 *sua sponte* and instead deny the petition without prejudice to its renewal. If petitioner wishes to pursue his claims, he is directed to notify the Court in writing within ninety (90) days of the date of this decision of the specific rule or statute pursuant to which each of these applications is made.

Should petitioner decide to pursue relief pursuant to 28 U.S.C. § 2255, he should be aware that the one-year statue of limitations for § 2255 claims will apply to this petition.[12] Petitioner should also be aware that, with certain exceptions, a prisoner serving a federal sentence may bring only one § 2255 petition without leave of the Court; successive § 2255 petitions must be authorized by the Court of Appeals. As noted above, petitioner has already brought one § 2255 petition, which this Court granted. If petitioner files a § 2255 petition which this Court deems to be successive, it will be transferred to the Second Circuit Court of Appeals, which may decide not to permit him to pursue a successive petition. If petitioner files a § 2255

---

[12] Petitioner was resentenced on On May 3, 2005. The present motion was filed on January 8, 2007.

petition which this Court determines to be a first petition, future § 2255 petitions may be subject to the bar against successive petitions.[13]

## Conclusion

For the reasons set forth above, petitioner's application is denied without prejudice to its renewal. The Clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          July 31, 2007

                    By: /s/ Charles P. Sifton (electronically signed)
                                          United States District Judge

---

[13] Because petitioner was resentenced in 2005, pursuant to his initial § 2255 petition, claims relating to the resentencing may be heard by this Court as an initial petition. *Galteri v. U.S.*, 128 F.3d 33, 37-38 (2d Cir. 1997)("[W]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence.") As such, petitioner should differentiate between claims that apply to the first sentence and claims that apply to the resentencing. *See Pratt v. U.S.*, 129 F.3d 54, 62 (1st Cir. 1997)("As a general rule, a prisoner who had both the incentive and the ability to raise a particular claim in his first petition . . . but declined to assert it, cannot raise it the second time around."); *see also Glover v. U.S.*, 1999 WL 1084227 (S.D.N.Y. Dec. 2, 1999); *Jackson v. Walker*, 1998 WL 813439, *5 (S.D.N.Y. Nov. 23, 1998).